**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| TAMARIS (GIBRALTAR) LIMITED<br>Madison Building<br>Midtown, Queensway Gibraltar,<br><br>      Plaintiff,<br><br>v.<br><br>EVGENY VASILYEVICH and JOHN<br>DOES 1–10,<br><br>      Defendants. | Civil Action No. _____ |

## COMPLAINT

Tamaris (Gibraltar) Limited operating as Pragmatic Play ("Plaintiff" or "Pragmatic Play"), by counsel, alleges as follows for its Complaint against Defendants Evgeny Vasilyevich and John Does 1–10, who are owners, operators, financers, or otherwise associated with the websites operated through the internet domain names described below,[1] seeking, *inter alia*, disabling of the websites that inaccurately and deceptively claim to be from or affiliated with Plaintiff and/or Plaintiff's mobile and desktop games.

## NATURE OF THE SUIT

1.      This is an action for trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1116(d)(1), and copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*., against Defendants.

---

[1] The counterfeit sites were all discovered to be operating under the name LoginX (also known as "Pragmatic Play Integrated"). For ease of reference, the sites in question are referred to as "LoginX Counterfeit Sites."

2.      Plaintiff's invaluable rights in the distinctive PRAGMATIC PLAY trademarks, the distinctive Pragmatic Play game trademarks, and Pragmatic Play's copyright-protected works have been deliberately infringed through unauthorized use of the PRAGMATIC PLAY trademarks, Pragmatic Play game trademarks, and copyright-protected games on websites falsely purporting to be associated with Pragmatic Play.

**PARTIES**

3.      Tamaris (Gibraltar) Limited is a Gibraltar limited company with a principal business address of Madison Building, Midtown, Queensway Gibraltar.

4.      Defendant Evgeny Vasilyevich is an individual who appears to operate the LoginX Counterfeit Sites. Defendant has an extensive online presence and makes extensive use of U.S. service providers to operate the LoginX Counterfeit Sites.

5.      Defendants John Does 1-10 are individual and/or entities who appear to operate the LoginX Counterfeit Sites in concert with Defendant Vasilyevich.

6.      Pragmatic Play refers to Evgeny Vasilyevich and John Does 1-10 collectively as "Defendants".

**JURISDICTION, VENUE, AND JOINDER**

7.      This is a civil action for trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. § 1114(1), and for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

8.      This Court has original jurisdiction under 15 U.S.C. § 1121(a), 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

9.      Pragmatic Play's claims against Defendants for trademark counterfeiting, trademark infringement, and copyright infringement are based on Defendants' misuse of

Pragmatic Play's trademarks and copyright-protected works to operate fraudulent, interactive websites providing casino gaming services to consumers.

10.     This Court has personal jurisdiction over Defendants because they have sufficient minimum contacts with Virginia that they can expect to be haled to court here and/or pursuant to Va. Code § 8.01-328.1(A)-(B).   In the alternative, this Court has jurisdiction under Fed. R. Civ. P. 4(k) because Plaintiff's claims arise under federal law and "exercising jurisdiction is consistent with the United States Constitution and laws."  *See* Fed. R. Civ. P. 4(k)(2)(B).

11.     While the extent of Defendants' operations within the United States are not clear, at the very least, Defendants have operated the LoginX Counterfeit Sites through extensive use of U.S.-based service providers, networks, and instrumentalities including, without limitation, U.S.-based domain registries, domain registrars, content delivery network (CDN) providers, hosting providers, payment and cryptocurrency providers, certificate providers, and email service providers, and Defendants have provided online casino services to computers in this District as confirmed by Plaintiff's investigator's accessing of certain of the LoginX Counterfeit Sites from a computer located in the District.

12.     Venue lies in this District because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this district.  28 U.S.C. § 1391(b)(2).

13.     Joinder of Defendants is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions, the scam sites operated by the Defendants share registrars, hosts, and/or other common features indicative of common ownership or use, and the same questions of law are common to all Defendants.  For instance, the registration records demonstrate that the sites operated by Defendants share common naming conventions, infringe on

the same Pragmatic Play trademarks and do so in similar ways—by configuring similar websites offering counterfeit versions of Pragmatic Play's games and displaying counterfeit Pragmatic Play marks.  Moreover, the claims against all Defendants will involve the same questions of both fact and law, including whether the Defendants have engaged in trademark and copyright infringement through the operation of a scam network of online casinos.

### TAMARIS'S RIGHTS

14.     Tamaris (Gibraltar) Limited, operating through Pragmatic Play, is the proprietor of Pragmatic Play's intellectual property, which encompasses trademarks, copyrights, and other assets.  Pragmatic Play is a leading developer and provider of mobile and desktop casino games for the online gaming industry.

15.     In 2016, Pragmatic Play was issued a license by the Malta Gaming Authority to develop and supply online casino games.  Since then, Pragmatic Play has been actively and continuously developing, offering, and supplying a wide range of games under the PRAGMATIC PLAY trademark to operators in various jurisdictions.

16.     The PRAGMATIC PLAY mark is often used as a word mark and displayed as plain text.  At times, the PRAGMATIC PLAY mark is displayed in a stylized form with a design, as shown below:



Pragmatic Play has consistently used this composite mark in association with its gaming services for several years (collectively with the PRAGMATIC PLAY word mark, the "PRAGMATIC PLAY Marks").

17.     Since receiving its first license in 2016, Pragmatic Play has acquired licenses in numerous regulated markets.

18.     Pragmatic Play offers an array of games under the PRAGMATIC PLAY Marks, including online slot games, live casino games, bingo, and virtual sports.  These services are all available to U.S. citizens abroad, and a subset of these services are made available by social casino operators in select states in the U.S in accordance with applicable state and federal laws.

19.     Pragmatic Play has actively participated in marketing activities such as year-round public relations campaigns that ensure brand momentum, paid and earned content marketing including webinars, feature stories, and interviews, paid advertising including display banners and newsletter sponsorship, sponsored and attended both physical and virtual events including EGR Awards, Sigma and SBC, and social media including LinkedIn, Twitter, Facebook, and Instagram, and constant recognition as a leading supplier across tier-I industry awards.  All of these efforts prominently feature the PRAGMATIC PLAY Marks.

20.     On October 29, 2014, Pragmatic Play registered the domain name PragmaticPlay.com.  Pragmatic Play began publishing gaming content through use of the PRAGMATIC PLAY Marks on its websites in 2015.  Pragmatic Play's websites are internationally accessible.

21.     Consumers have come to distinguish and recognize the legitimacy of Pragmatic Play's services as a result of the use and widespread promotion of the PRAGMATIC PLAY Marks.

22.     Likely due to the financial elements of online gaming, Pragmatic Play is constantly combatting malicious third parties' attempts to misuse the PRAGMATIC PLAY Marks to confuse, mislead, and/or deceive consumers.  To protect both its consumers and its valuable marks, Pragmatic Play has engaged in significant and successful enforcement efforts relating to its

intellectual property.  Its efforts include defensive domain name registrations, administrative proceedings under the Uniform Domain Name Dispute Resolution Policy, take-down notices, and anti-cybersquatting actions, including litigation in this Court.  *See Tamaris (Gibraltar) Limited v. Amppragmaticplay.com*, 1:24-cv-748 (E.D. Va. May 3, 2024); *Tamaris (Gibraltar) Limited v. John Does 1-9*, 1:24-cv-109 (E.D. Va. Jan. 23, 2024); *Tamaris (Gibraltar) Limited v. ppgamesusa.com et al.*, No. 1:23-cv-1692 (E.D. Va. Dec. 12, 2023); *Pragmatic Play International Ltd. v. Does 1-10*, 1:23-cv-188 (E.D. Va. Feb. 10, 2023); *Tamaris (Gibraltar) Limited v. pragmaticplays.co et al.*, No. 2:24-cv-00009 (D. Ariz. Jan. 3, 2024); *PragmaticPlay Int'l Ltd. v. Agenpragmaticplay.live*, No. 2:23-cv-497 (D. Ariz. Mar. 23, 2023); *PragmaticPlay Int'l Ltd. v. Agen-pragmaticplay.org*, No. 1:23-cv-174 (E.D. Va. Feb. 7, 2023); *PragmaticPlay Int'l Ltd. v. 51ppgame.com*, No. 1:22-cv-1016 (E.D. Va. Sept. 8, 2022); *PragmaticPlay Int'l Ltd. v. 789pragmaticplay.com*, No. 1:22-cv-835 (E.D. Va. July 22, 2022).[2]

23.   Based on Pragmatic Play's extensive use and promotion of the PRAGMATIC PLAY Marks, and the recognition and goodwill the marks have achieved in the eyes of the consuming public, the PRAGMATIC PLAY Marks are distinctive and/or famous, and are entitled to broad common law trademark rights.

24.   The LoginX Counterfeit Sites display unauthorized colorable imitations of the PRAGMATIC PLAY Marks, which further demonstrates that the PRAGMATIC PLAY Marks are distinctive and were famous and/or distinctive prior to the time of unauthorized use by the LoginX Counterfeit Sites.

---

[2] Past actions asserting these trademark rights have been brought by PragmaticPlay International Ltd. as the plaintiff.  In 2023, Pragmatic Play underwent corporate restructuring, during which the trademark rights and that portion of the business to which the rights pertained were transferred to Tamaris (Gibraltar) Limited.

25.    In addition to its common law trademark rights, Plaintiff possesses statutory rights in the PRAGMATIC PLAY Marks by virtue of its ownership of U.S. trademark registrations for both the PRAGMATIC PLAY word mark and composite mark, directed to "Entertainment services, namely, providing games of chance via the Internet," U.S. Reg. Nos. 6848492, 6890979, 7307616, and 7330411.  Copies of these registrations are attached as Exhibit A.

26.    Plaintiff also possesses statutory rights in a number of U.S. trademark registrations and pending registrations related to its Pragmatic Play online games ("PRAGMATIC PLAY Game Marks").

27.    Below is a list of Plaintiff's U.S. federal trademark registrations for its word marks and design marks related to its Pragmatic Play online games.

| REG. NO. | MARK | REGISTERED SERVICES |
|---|---|---|
| 7184108 | AZTEC GEMS | Entertainment services, namely, providing games of chance via the Internet. |
| 7202939 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7381449 | CHILLI HEAT | Entertainment services, namely, providing games of chance via the Internet. |
| 7381450 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375130 | FRUIT PARTY | Entertainment services, namely, providing games of chance via the Internet. |
| 7375131 | FRUIT PARTY 2 | Entertainment services, namely, providing games of chance via the Internet. |
| 7375132 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7256466 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7256465 | GATES OF OLYMPUS | Entertainment services, namely, providing games of chance via the Internet. |

| 7184109 | GEMS BONANZA | Entertainment services, namely, providing games of chance via the Internet. |
|---------|--------------|------------------------------------------------------------------------------|
| 7184110 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7184107 | JOHN HUNTER AND THE TOMB OF THE SCARAB QUEEN | Entertainment services, namely, providing games of chance via the Internet. |
| 7184111 | JOKER'S JEWELS | Entertainment services, namely, providing games of chance via the Internet. |
| 7184112 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7202940 | PANDA'S FORTUNE | Entertainment services, namely, providing games of chance via the Internet. |
| 7202941 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7186621 |  | (i) Downloadable computer gaming software; (ii) Gaming machines; (iii) Providing on-line information in the field of computer gaming entertainment; and (iv) Providing temporary use of online non-downloadable computer gaming software. |
| 7370545 |  | (i) Downloadable computer gaming software; (ii) Gaming machines; (iii) Providing on-line information in the field of computer gaming entertainment; and (iv) Providing temporary use of online non-downloadable computer gaming software. |
| 7417221 |  | (i) Downloadable computer gaming; (ii) Gaming machines; (iii) Entertainment services, namely, providing games of chance via the Internet. |
| 7256467 |  | Entertainment services, namely, providing games of chance via the Internet. |

| 7375078 | SANTA'S WONDERLAND | Entertainment services, namely, providing games of chance via the Internet. |
|---|---|---|
| 7375079 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375143 | SWEET BONANZA | Entertainment services, namely, providing games of chance via the Internet. |
| 7375144 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375145 | SWEET BONANZA XMAS | Entertainment services, namely, providing games of chance via the Internet. |
| 7375146 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7381444 | THE DOG HOUSE | Entertainment services, namely, providing games of chance via the Internet. |
| 7381445 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375089 | THE HAND OF MIDAS | Entertainment services, namely, providing games of chance via the Internet. |
| 7375090 |  | Entertainment services, namely, providing games of chance via the Internet. |

28.     A true and correct copy of U.S. trademark registrations owned by Plaintiff for the marks related to Pragmatic Play's online games is attached hereto as Exhibit B.

29.     Plaintiff also has a number of pending U.S. trademark applications related to its online gaming products.  Below is a list of Plaintiff's pending U.S. federal trademark applications for its word marks and design marks related to its Pragmatic Play online games.

| Ser. No. | Mark | Services |
|---|---|---|
| 97202505 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 97202485 | COLOSSAL CASH ZONE | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 90539603 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 90539505 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 90538778 | DROPS & WINS | Entertainment services, namely, providing games of chance via the Internet. |
| 97242351 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 97244496 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online |

| | | |
|---|---|---|
| | | electronic games; Gaming machines, namely, devices which accept a wager. |
| 97244452 | GATES OF OLYMPUS | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager. |
| 97202535 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 97202518 | MEGA ROULETTE | Entertainment services, namely, providing games of chance via the Internet. |
| 97204301 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 97204270 | MEGA SIC BO | Entertainment services, namely, providing games of chance via the Internet. |
| 97604919 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 97450360 | PPGAMES | Downloadable computer gaming software; Gaming machines; and Providing on-line information in the field of computer gaming entertainment. |

| 97244558 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager. |
|---|---|---|
| 97244529 | RISE OF GIZA POWERNUDGE | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |

30.     A true correct copy of the pending U.S trademark applications owned by Plaintiff for the marks related to Pragmatic Play's online games is attached hereto as Exhibit C.

31.     In addition to its trademark rights in the PRAGMATIC PLAY Marks, and the PRAGMATIC PLAY Game Marks, and the titles of certain games, Plaintiff is the author and owner of the images, graphics, sound recordings, and software code associated with Pragmatic Play's games, which are creative and original expressions that are entitled to copyright protection (the "Pragmatic Play Works").

## THE LOGINX NETWORK OF COUNTERFEIT WEBSITES AND GAMES

32.     This action arises out of Defendants' operation of websites to distribute counterfeit Pragmatic Play games.  Specifically, the websites make unauthorized use of the PRAGMATIC PLAY Marks, PRAGMATIC PLAY Game Marks, and Pragmatic Play Works to replicate the look and feel of the legitimate Pragmatic Play games.

33.     The LoginX Counterfeit Sites are operated through extensive use of U.S.-based service providers including, without limitation, U.S.-based domain registries, domain registrars, content delivery network (CDN) providers, payment providers, hosting providers, certificate providers, and email service providers.

34.     The LoginX Counterfeit Sites are operated and/or financed by Defendants Evgeny Vasilyevich and John Does 1–10.

35.     The following screen captures are examples of the extensive copying of the legitimate Pragmatic Play website and Pragmatic Play games by Defendants and unauthorized use of the PRAGMATIC PLAY Marks, the PRAGMATIC PLAY Game Marks, and the Pragmatic Play Works on the LoginX Counterfeit Sites.

**GitSlotPark.com**



36.     The above screenshot from the gitslotpark.com homepage includes unauthorized copies of Pragmatic Play's PRAGMATIC PLAY mark, DROPS & WINS mark, WILD WILD RICHES mark, and graphics displaying counterfeit versions of Pragmatic Play's online games.

37.     The GitSlotPark.com homepage depicts unauthorized copies of Pragmatic Play's games and trademarks such as, for example, Pragmatic Play's Panda's Fortune:



*Authentic Pragmatic Play Site*

 

 

*Counterfeit Games on GitSlotPark.com*

 

 

38.    The above screenshots from GitSlotPark.com include unauthorized copies of Pragmatic Play's Gates of Olympus 1000 and Dog House Multihold games and trademarks.

14

39.     When the Gates of Olympus 1000 game graphics are selected, a counterfeit version of Pragmatic Play's game is launched using an unauthorized copy of Pragmatic Play's copyright-protected source code.  Likewise, when the Dog House Multihold game graphics are selected, a counterfeit version of Pragmatic Play's game is launched using an unauthorized copy of Pragmatic Play's copyright-protected source code.     GitSlotPark.com uses Igbsoft.dk10-PragmaticPlay.net to launch the infringing games.

*Authentic Pragmatic Play Site*

 

*Counterfeit Games on GitLoginX.com*

 

40.     The above screenshots from GitLoginX.com include an unauthorized copy of Pragmatic Play's Dog House Multihold game and trademark, and when the Dog House Multihold game graphics are selected, a counterfeit version of Pragmatic Play's game is launched using an unauthorized copy of Pragmatic Play's copyright-protected source code.  GitLoginX.com uses Game.GitLoginX.com to launch the infringing games.

**GitSlotGame.net**



41.     The above screenshot from GitSlotGame.net includes unauthorized copies of Pragmatic Play's PRAGMATIC PLAY mark and DROPS & WINS mark, and graphics displaying counterfeit versions of Pragmatic Play's online games.

**GitSlotParadise.com**



42.     The above screenshot from GitSlotParadise.com includes unauthorized copies of Pragmatic Play's PRAGMATIC PLAY mark, DROPS & WINS mark, AZTEC GEMS mark, THE DOG HOUSE mark, GATES OF OLYMPUS mark, and graphics displaying counterfeit versions of Pragmatic Play's online games.

43.     Further, the LoginX Counterfeit Sites display the PRAGMATIC PLAY Marks in various locations on the sites, including on the loading screen when counterfeit games are launched, as shown in the examples below.

 

44.     Screenshots from the legitimate Pragmatic Play website and games make clear that games on the LoginX Counterfeit Sites are making unauthorized use of the PRAGMATIC PLAY Marks, PRAGMATIC PLAY Game Marks, and the Pragmatic Play Works.

45.     The following screen captures from facebook.com/people/Pragmatic-Play-by-LoginX/61557569693114/ include unauthorized copies of Pragmatic Play's PRAGMATIC PLAY mark and Design mark in an attempt to create an affiliation or association with Pragmatic Play where no such relationship exists.

**Pragmatic Play by LoginX Facebook Page**





46.     Defendants have created and caused to be displayed Facebook and Instagram ads showing unauthorized copies of the PRAGMATIC PLAY Marks, the PRAGMATIC PLAY Game Marks, and a depiction of at least one of Plaintiff's games.

47.     Defendants have also contacted Plaintiff's legitimate customers through Facebook and Instagram, LinkedIn, and email, asserting that Defendants offer Pragmatic Play games and/or that an individual affiliated with Defendants purportedly worked as a main developer for Plaintiff.

**LoginX LinkedIn Solicitations**




**LoginX Email Solicitation**



## COUNT ONE:
### (Trademark Counterfeiting)

48.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

49.     Defendants are intentionally and knowingly using counterfeit versions of the PRAGMATIC PLAY Marks and the PRAGMATIC PLAY Game Marks in connection with fraudulent websites that are being used for the sale, offering for sale and/or distribution of online gaming applications and services.

50.     Defendants have used spurious designations that are identical to, or substantially indistinguishable from, the PRAGMATIC PLAY Marks and the PRAGMATIC PLAY Game Marks on goods and/or services covered by the federal registrations for such marks, including, for example, fraudulent websites designed to replicate Plaintiff's legitimate online gaming websites and services.

51.    Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods and/or services.

52.    Defendants' use of the counterfeit PRAGMATIC PLAY Marks and PRAGMATIC PLAY Game Marks on fraudulent websites to advertise, promote, offer for sale, distribute, and sell goods and/or services was, and is, without the consent of Plaintiff.

53.    Defendants' use of the counterfeit PRAGMATIC PLAY Marks and PRAGMATIC PLAY Game Marks on fraudulent websites in connection with advertisement, promotion, sale, offering for sale and distribution of goods and/or services constitutes use of the PRAGMATIC PLAY Marks and PRAGMATIC PLAY Game Marks in commerce.

54.    The unauthorized use by Defendants of the PRAGMATIC PLAY Marks and PRAGMATIC PLAY Game Marks as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that the products and/or services offered by Defendants are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff; and (c) result in Defendants unfairly benefitting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and the PRAGMATIC PLAY Marks and PRAGMATIC PLAY Game Marks all to the substantial and irreparable injury of the public and Plaintiff.

55.    The aforesaid acts by Defendants constitute willful trademark counterfeiting in violation of Sections 32 and 34 of the Lanham Act, 15 U.S.C. §§ 1114 and 1116(d)(1).

56.    As such, Plaintiff is entitled to injunctive relief.  Additionally, Plaintiff is entitled to statutory damages of up to $2,000,000 per mark.  *Id*. § 1117(c)(2).  Alternatively, Plaintiff is

entitled to disgorgement of Defendants' profits, treble damages in an amount to be proven at trial, prejudgment interest, attorney's fees, and costs. *Id*. §§ 1117(a), (b).

## COUNT TWO:
### (Trademark Infringement)

57.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

58.    Defendants are using the PRAGMATIC PLAY Marks and registered PRAGMATIC PLAY Game Marks in commerce and have no valid rights in the PRAGMATIC PLAY Marks and registered PRAGMATIC PLAY Game Marks.

59.    Defendants have actual and/or constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of Plaintiff's superior rights in its PRAGMATIC PLAY Marks and registered PRAGMATIC PLAY Game Marks by reason of the existence of Plaintiff's aforementioned federal trademark registrations.

60.    Use of the PRAGMATIC PLAY Marks and registered PRAGMATIC PLAY Game Marks by Defendants is without the permission or authorization of Plaintiff.

61.    The aforesaid acts by Defendants constitute direct infringement of Plaintiff's trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

62.    The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public.  The harm to Plaintiff includes harm to the value and goodwill associated with the PRAGMATIC PLAY Marks and registered PRAGMATIC PLAY Game Marks that money alone cannot compensate.  Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

63.     As such, Plaintiff is entitled to injunctive relief.  Additionally, Plaintiff is entitled to actual damages and disgorgement of Defendants' profits, in an amount to be proven at trial, as well as prejudgment interest, costs, and attorney fees.  *Id*. § 1114(a), (b).

## COUNT THREE:
### (Copyright Infringement)

64.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

65.     The Pragmatic Play Works include without limitation the Pragmatic Play logos, individual game logos, menu structures, color schemes, graphics, sound recordings, associated source code and other materials created by Pragmatic Play for the display of online games by Pragmatic Play.

66.     The Pragmatic Play Works are non-U.S. works that were first published outside of the United States and are exempt from the copyright registration requirements of 17 U.S.C. § 411.

67.     At all times relevant hereto, Plaintiff and its subsidiaries have been and are the owner and proprietor of all right, title, and interest in and to the Pragmatic Play Works.

68.     The Pragmatic Play Works contain creative material wholly original to Pragmatic Play and are copyrightable subject matter under the copyright laws of the United States.

69.     Defendants have infringed and continue to infringe Plaintiff's copyrights by copying, distributing, altering, and/or displaying the Pragmatic Play Works through the LoginX Counterfeit Sites.

70.     Such copying, distributing, altering, and/or displaying of the Pragmatic Play Works was done by Defendants without the consent, approval, or license of Plaintiff.

71.     The foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Plaintiff's rights.

72.     The above acts by Defendants violate Plaintiff's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, and constitute willful infringement of Plaintiff's copyrights under Section 501 of the Copyright Act, 17 U.S.C. § 501.  Defendants have caused, and are causing, great and irreparable harm to Plaintiff and the public for which money alone cannot compensate.

73.     As such, Plaintiff is entitled to injunctive relief, *id*. § 502(a), actual damages and profits in an amount to be proven at trial, *id*. § 504(b), costs and attorney's fees, *id.* § 505, and prejudgment interest.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests of this Court:

A.      That judgment be entered in favor of Plaintiff on its claims of trademark counterfeiting, trademark infringement, and copyright infringement.

B.      That Defendants be required to pay Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c).

C.      That, in the alternative, actual damages (trebled with respect to the trademark counterfeiting claim) be awarded against Defendants.

D.      That Defendants be required to give an accounting, disgorge all profits earned from the operation of fraudulent websites containing counterfeit PRAGMATIC PLAY Marks, PRAGMATIC PLAY Game Marks, or Pragmatic Play Works.

E.      That the Court permanently enjoin Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, jointly and severally, from:

      i.      Copying, distributing, altering, displaying, hosting, selling, and/or promoting the Pragmatic Play Works;

ii.      Using any copy or colorable imitation of the PRAGMATIC PLAY Marks or PRAGMATIC PLAY Game Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiff;

iii.      Using Facebook, X (formerly known as Twitter), LinkedIn, YouTube, Telegram, Viber, WhatsApp or other social media platforms, to copy, distribute, alter, display, host, sell, and/or promote the PRAGMATIC PLAY Marks, the PRAGMATIC PLAY Game Marks, or the Pragmatic Play Works;

iv.      Engaging in any other activity constituting an infringement of the PRAGMATIC PLAY Marks, the PRAGMATIC PLAY Game Marks, or the Pragmatic Play Works, or constituting any damage to Plaintiff's name, reputation, or goodwill.

F.      That those in active concert or participation with Defendants and those with notice of the injunction, including without limitation any web hosting providers, domain name registrars, domain name registries, CDN providers, certificate providers, payment and crypto service providers, and/or email service providers cease facilitating access to any or all domain names and websites or accounts through which Defendants engage in unlawful access to, use, reproduction, and distribution of the PRAGMATIC PLAY Marks, PRAGMATIC PLAY Game Marks, or Pragmatic Play Works;

G.      That the domain name registries and registrars for the LoginX Counterfeit Sites, or their administrators, place the domain names on registryHold/serverHold or such other status to render the names/sites non-resolving;

H.      That the Court order an award of costs and reasonable attorneys' fees, pursuant to

15 U.S.C. § 1117(a), 17 U.S.C. § 505, or as otherwise permitted by law, incurred by Plaintiff in

connection with this action;

I.      That Plaintiff be awarded pre-judgment interest and post-judgment interest on the

above damages awards; and

J.      That the Court order an award to Plaintiff of such other and further relief as the

Court may deem just and proper.


Dated:  July 2, 2024

By:  /s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac admission*)
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law

*Counsel for Plaintiff*
*Tamaris (Gibraltar) Ltd.*