IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TAMARIS (GIBRALTAR) LIMITED, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 1:24-cv-1146 (AJT/LRV) |
| EVGENY VASILYEVICH and JOHN DOES, 1-10, | ) |
| *Defendants*. | ) |

**ORDER**

Before the Court is Plaintiff Tamir Gibraltar Limited's ("Plaintiff's") Motion for Default Judgment, [Doc. No. 13] (the "Motion"), pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Evgeny Vasilyevich, on its claims of trademark counterfeiting (Count I), trademark infringement (Count II), and copyright infringement (Count III). On February 10, 2025, Magistrate Judge Vaala issued a report with proposed findings of fact and recommendations, [Doc. No. 20] (the "R&R"). Magistrate Judge Vaala recommended that default judgment and a permanent injunction be entered against Defendant Vasilyevich, and that Defendant Vasilyevich be required to pay the Plaintiff statutory damages in the amount of $20 million and post-judgment interest on that amount at the rate provided in 28 U.S.C. § 1961. *Id.* at 21–22. Defendant Vasilyevich filed no objection to the R&R.

The Court conducted a *de novo* review of the evidence in this case and adopts and incorporates the findings and recommendations of Magistrate Judge Vaala. The Court further finds that awarding statutory damages in the amount of $20 million is appropriate given Defendant Vasilyevich's pattern of willful infringement, as set forth in the R&R. Accordingly, it hereby

**ORDERED** that the Motion be, and the same hereby is, **GRANTED**; and it is further

1

**ORDERED** that judgment be entered against Defendant Vasilyevich as to the trademark counterfeiting (Count I), trademark infringement (Count II), and copyright infringement (Count III) claims in the Complaint; and it is further

**ORDERED** that Defendant Vasilyevich pay Plaintiff the amount of $20 million in statutory damages, pursuant to 15 U.S.C. § 1117(c); and it is further

**ORDERED** that Defendant Vasilyevich pay Plaintiff the post-judgment interest on the $20 million award, at the rate provided in 28 U.S.C. § 1961; and it is further

**ORDERED** that Defendant Vasilyevich, together with any person or entity knowingly engaged in active concert and participation with him, and with notice of the injunction, is **ENJOINED** from:

1. Copying, using, distributing, altering, displaying, hosting, selling, and/or promoting the images, graphics, sound recordings, and software code associated with Pragmatic Play's games (the "Pragmatic Play Works");

2. Using and/or displaying any copy or colorable imitation of the PRAGMATIC PLAY word mark or composite mark (collectively, the "PRAGMATIC PLAY Marks") or Pragmatic Play's trademarks related to its Pragmatic Play online games (the "PRAGMATIC PLAY Game Marks"), shown in Exhibit A, in connection with the promotion, advertisement, use, display, sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiff;

3. Using Facebook, X (formerly known as Twitter), LinkedIn, YouTube, Telegram, Viber, WhatsApp or other social media platforms, to copy, distribute, alter, display, host, sell, and/or promote the PRAGMATIC PLAY Marks, the PRAGMATIC PLAY Game Marks, or the Pragmatic Play Works;

4. Engaging in any other activity constituting an infringement of the PRAGMATIC PLAY Marks, the PRAGMATIC PLAY Game Marks, or the Pragmatic Play Works, or constituting any damage to Plaintiff's name, reputation, or goodwill; and it is further

**ORDERED** that any Internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries, email service providers, content delivery network (CDN) providers, social media network operators (including, but not limited to LinkedIn Corporation and Meta Platforms, Inc.), and payment processors, cease facilitating access to any or all domain names, websites, accounts and services through which Defendant Vasilyevich engages in unlawful access to, use, reproduction, distribution, and sale of the PRAGMATIC PLAY Marks, PRAGMATIC PLAY Game Marks, Pragmatic Play Works, or goods and services bearing that intellectual property, including without limitation, placing all domain names identified in the Complaint and/or in Exhibit B of Plaintiff's proposed order, [Doc. No. 17-2], on "serverhold" status, "clienthold" status, or such other status that renders the domains inoperable, and disabling all services provided to all websites and accounts identified in Exhibit B of Plaintiff's proposed order, [Doc. No. 17-2]; and it is further

**ORDERED** that all remaining counts against the John Doe Defendants are **DISMISSED** without prejudice, at the request of Plaintiff.

The Clerk is directed to enter judgment, in accordance with this Order, in favor of Plaintiff and against Defendant Vasilyevich pursuant to Fed. R. Civ. P. 58 and to forward copies of this Order to all counsel of record.

Alexandria, Virginia
March 10, 2025

/s/
_____
Anthony J. Trenga
Senior United States District Judge